# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

|  |  |
|---|---|
| CELLULAR COMMUNICATIONS EQUIPMENT LLC, | CIVIL ACTION 6:16CV364 - KNM SEVERED FROM |
| Plaintiff, | CIVIL ACTION NO. 6:14-cv-759 |
| v. | **JURY TRIAL DEMANDED** |
| SAMSUNG ELECTRONICS CO., LTD, SAMSUNG ELECTRONICS AMERICA, INC., AT&T MOBILITY LLC, CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, SPRINT SOLUTIONS, INC., SPRINT SPECTRUM L.P., BOOST MOBILE, LLC, T-MOBILE USA, INC., and T-MOBILE US, INC., |  |
| Defendants. |  |

## PLAINTIFF'S SECOND AMENDED
## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Cellular Communications Equipment LLC files this Second Amended Complaint against Samsung Electronics Co., Ltd; Samsung Electronics America, Inc.; AT&T Mobility LLC; Cellco Partnership d/b/a Verizon Wireless; Sprint Solutions, Inc.; Sprint Spectrum L.P.; Boost Mobile, LLC; T-Mobile USA, Inc.; and T-Mobile US, Inc. (collectively, the "Defendants") for infringement of U.S. Patent No. 8,055,820 (the "'820 patent"), U.S. Patent No. 7,218,923 ("the '8923 patent"), U.S. Patent No. 7,941,174  ("the '174 patent"), U.S. Patent No. 8,645,786 ("the '786 patent"), and U.S. Patent No. 8,254,872 (the '872 patent").

## THE PARTIES

1.      Cellular Communications Equipment LLC ("CCE") is a Texas limited liability company with its principal place of business in Plano, Texas.

2.      On information and belief, Samsung Electronics Co., Ltd. is a corporation organized under the laws of South Korea with its principal place of business located at Samsung Main Building, 250, Taepyeongno 2-ga, Jung-gu, Seoul 100-742, Republic of Korea.   This Defendant does business in the State of Texas and in the Eastern District of Texas, has been served with process, and has appeared in this action.

3.      Samsung Electronics America, Inc. (with Samsung Electronics Co., Ltd., "Samsung") is a New York corporation with its principal place of business in Ridgefield Park, New Jersey.   This Defendant does business in the State of Texas and in the Eastern District of Texas, has been served with process, and has appeared in this action.

4.      AT&T Mobility LLC ("AT&T") is a Delaware limited liability company with its principal place of business in Atlanta, Georgia.   This Defendant does business in the State of Texas and in the Eastern District of Texas, has been served with process, and has appeared in this action.

5.      Cellco Partnership d/b/a Verizon Wireless ("Verizon") is a Delaware general partnership with its principal place of business in Basking Ridge, New Jersey.   This Defendant does business in the State of Texas and in the Eastern District of Texas, has been served with process, and has appeared in this action.

6.      Sprint Solutions, Inc. is a Delaware corporation with its principal place of business in Reston, Virginia.   This Defendant does business in the State of Texas and in the Eastern District of Texas, has been served with process, and has appeared in this action.

7.      Sprint Spectrum L.P. is a Delaware limited partnership with its principal place of business in Overland Park, Kansas.   This Defendant does business in the State of Texas and in the Eastern District of Texas, has been served with process, and has appeared in this action.

8.      Boost Mobile, LLC (with Sprint Solutions, Inc., and Sprint Spectrum L.P., "Sprint") is a Delaware limited liability company with its principal place of business in Irvine, California.  This Defendant does business in the State of Texas and in the Eastern District of Texas, has been served with process, and has appeared in this action.

9.      T-Mobile USA, Inc. is a Delaware corporation with a principal place of business in Bellevue, Washington.  This Defendant does business in the State of Texas and in the Eastern District of Texas, has been served with process, and has appeared in this action.

10.     T-Mobile US, Inc. (with T-Mobile USA, Inc., "T-Mobile") is a Delaware corporation with its principal place of business in Bellevue, Washington.  This Defendant does business in the State of Texas and in the Eastern District of Texas, has been served with process, and has appeared in this action.

## JURISDICTION AND VENUE

11.     This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others.

12.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a), and 1367.

13.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b).  On information and belief, each Defendant is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, has purposely transacted business in this judicial district, and/or has regular and established places of business in this judicial district.

14.     On information and belief, each Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial  and pervasive business in this State and judicial district, including: (i) at

3

least part of their infringing activities alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods sold and services provided to Texas residents.

15.     More specifically, Defendants' substantial contacts with the forum include, but are not limited to: (i) the manufacture, marketing, sale, distribution, and use of Samsung mobile devices; (ii) the marketing and sale of services for mobile device communications; (iii) the ownership and/or operation of stores where Samsung mobile devices are sold and serviced; and/or (iv) the provision of technical and customer support for Samsung mobile devices and attendant mobile device communications services.

## COUNT I

### (INFRINGEMENT OF U.S. PATENT NO. 8,055,820)

16.     CCE incorporates paragraphs 1 through 15 herein by reference.

17.     CCE is the assignee of the '820 patent, entitled "Apparatus, System, and Method for Designating a Buffer Status Reporting Format Based on Detected Pre-Selected Buffer Conditions," with ownership of all substantial rights in the '820 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  A true and correct copy of the '820 patent is attached as Exhibit A.

18.     The '820 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

19.     Defendants Samsung, AT&T, Verizon, Sprint, and T-Mobile have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '820 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 4, 6, 7, 8, 9, 10, 12, 15, 17, 18, 19, 20, 21 and 24, without the consent or authorization of CCE, by or through their making, having made, offering

for sale, selling, importing, and/or use of Samsung mobile devices, including, for example: the Galaxy Express, Galaxy Mega, Galaxy Mega 2, Galaxy Note 2, Galaxy Note 3, Galaxy Note 4, Galaxy Note Edge, Galaxy Rugby Pro, Galaxy S3, Galaxy S3 Mini, Galaxy S4, Galaxy S4 Active, Galaxy S4 Zoom, Galaxy S4 Mini, Galaxy S5, Galaxy S5 Mini, Galaxy S5 Active, Galaxy S6, Galaxy S6 Edge, and Galaxy S6 Active, compatible with the AT&T cellular network and sold or otherwise distributed by or through Samsung and/or AT&T (the "'820 AT&T Mobile Devices"); the Galaxy Note 2, Galaxy Note 3, Galaxy Note 4, Galaxy Note Edge, Galaxy S3, Galaxy S3 Mini, Galaxy S4, Galaxy S4 Mini, Galaxy S5, Galaxy S6, Galaxy S6 Edge, and Galaxy Prevail / Core Prime, compatible with the Verizon cellular network and sold or otherwise distributed by or through Samsung and/or Verizon (the "'820 Verizon Mobile Devices"); the Galaxy Mega, Galaxy Note 2, Galaxy Note 3, Galaxy Note 4, Galaxy Note Edge, Galaxy S3, Galaxy S4, Galaxy S5, Galaxy S6, Galaxy S6 Edge, and Galaxy Victory, compatible with the Sprint cellular network and sold or otherwise distributed by or through Samsung and/or Sprint (the "'820 Sprint Mobile Devices"); and the Galaxy Light, Galaxy Avant, Galaxy Note 2, Galaxy Note 3, Galaxy Note 4, Galaxy Note Edge, Galaxy S3, Galaxy S4, Galaxy S5, Galaxy S6, and Galaxy S6 Edge, compatible with the T-Mobile cellular network and sold or otherwise distributed by or through Samsung and/or T-Mobile (the "'820 T-Mobile Mobile Devices"). These devices are collectively referred to as the "'820 Samsung Devices."

20.     Defendants directly infringe the apparatus claims of the '820 patent by making, offering to sell, selling, and/or importing the '820 Samsung Devices.  Defendants also directly infringe the '820 patent by making, using, selling, offering for sale, and/or importing the '820 Samsung Devices to practice the claimed methods.  Defendants are thereby liable for direct infringement.

21.     Additionally, Defendants are liable for indirect infringement of the '820 patent because they induce and/or contribute to the direct infringement of the patent by their customers (including, but not limited to, cellular network providers and/or their subscribers) and other end users who use the '820 Samsung Devices to practice the claimed inventions.

22.     Each Defendant is a 3rd Generation Partnership Project (or "3GPP") member organization, or is affiliated with a 3GPP member organization.  3GPP solicits identification of standard essential patents, and, through 3GPP, Defendants received actual notice of the standard essential patents at issue here.  The '820 patent is one such patent, and Defendants have known of the '820 patent at least as early as June 2009, when it was disclosed to 3GPP via the European Telecommunications Standards Institute ("ETSI," an organizational member of 3GPP).

23.     Despite having knowledge of the '820 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including Defendants' customers, to use such devices in a manner that infringes the '820 patent, including at least claims 1, 4, 6, 7, 8, 9, 10, 12, 15, 17, 18, 19, 20, 21, and 24.  This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the '820 Samsung Devices.

24.     In particular, despite having knowledge of the '820 patent, Defendants have provided, and continue to provide, instructional materials, such as user guides, owner manuals, and similar online resources (available via http://www.samsung.com/us/support/, for instance) that specifically teach the customers and other end users to use the '820 Samsung Devices in an infringing manner.  By providing such instructions, Defendants know (and have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

25.     Additionally, Defendants named in this Count know, and have known, that the '820 Samsung Devices include proprietary hardware components and software instructions that work in concert to perform specific, intended functions.   Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '820 patent and are not staple articles of commerce suitable for substantial non-infringing use.

26.     Specifically, each of the '820 Samsung Devices contain at least a baseband processor and associated transceiver which contain functionality that is specifically programmed and/or configured to monitor the usage of a plurality of buffers, detect certain pre-selected conditions, designate buffer status reporting formats, and communicate buffer status reports as claimed in claims 1, 4, 6, 9, 10, 12, 17, 20, 21, and 24 of the '820 patent.

27.     On information and belief, despite having knowledge of the '820 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '820 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '820 patent have been, and continue to be, willful, wanton, and deliberate in disregard of CCE's rights.

28.     On information and belief, Samsung and AT&T design, develop, test, make, use, offer for sale, sell, and/or import the '820 AT&T Mobile Devices described in this Count, pursuant to or in connection with one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.   Accordingly, Samsung and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

29.     On information and belief, Samsung and Verizon design, develop, test, make, use, offer for sale, sell, and/or import the '820 Verizon Mobile Devices described in this Count,

pursuant to or in connection with one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Samsung and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

30.     On information and belief, Samsung and Sprint design, develop, test, make, use, offer for sale, sell, and/or import the '820 Sprint Mobile Devices described in this Count, pursuant to or in connection with one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Samsung and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

31.     On information and belief, Samsung and T-Mobile design, develop, test, make, use, offer for sale, sell, and/or import the '820 T-Mobile Mobile Devices described in this Count, pursuant to or in connection with one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Samsung and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

32.     CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates CCE for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 7,218,923)

33.     CCE incorporates paragraphs 1 through 15 herein by reference.

34.     CCE is the assignee of the '8923 patent, entitled "Control of Terminal Applications in a Network Environment," with ownership of all substantial rights in the '8923 patent, including the right to exclude others and to enforce, sue and recover damages for past and future infringements. A true and correct copy of the '8923 patent is attached as Exhibit B.

8

35.     The '8923 patent is valid, enforceable and was duly issued in full compliance with Title 35 of the United States Code.

36.     Defendants Samsung, AT&T, Verizon, Sprint, and T-Mobile have and continue to directly infringe one or more claims of the '8923 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 4, 24, 26 and 32, by, among other things, making, using, offering for sale, selling and/or importing Samsung mobile devices, including, for example:   the Galaxy Express, Galaxy Mega, Galaxy Mega 2, Galaxy Note 2, Galaxy Note 3, Galaxy Note 4, Galaxy Note Edge, Galaxy S3, Galaxy S3 Mini, Galaxy S4, Galaxy S4 Active, Galaxy S4 Zoom, Galaxy S4 Mini, Galaxy S5, Galaxy S5 Active, Galaxy S5 Mini, Galaxy S6, Galaxy S6 Edge, and Galaxy S6 Active, compatible with the AT&T cellular network and sold or otherwise distributed by or through Samsung and/or AT&T (the "'8923 AT&T Mobile Devices"); the Galaxy Note 2, Galaxy Note 3, Galaxy Note 4, Galaxy Note Edge, Galaxy S3, Galaxy S3 Mini, Galaxy S4, Galaxy S4 Mini, Galaxy S5, Galaxy S6, Galaxy S6 edge, and Galaxy Prevail / Core Prime, compatible with the Verizon cellular network and sold or otherwise distributed by or through Samsung and/or Verizon (the "'8923 Verizon Mobile Devices"); the Galaxy Mega, Galaxy Note 2, Galaxy Note 3, Galaxy Note 4, Galaxy Note Edge, Galaxy Victory, Galaxy S3, Galaxy S4, Galaxy S5, Galaxy S6, and Galaxy S6 Edge, compatible with the Sprint cellular network and sold or otherwise distributed by or through Samsung and/or Sprint (the "'8923 Sprint Mobile Devices"); and the Galaxy Light, Galaxy Avant, Galaxy Note 2, Galaxy Note 3, Galaxy Note 4, Galaxy Note Edge, Galaxy S3, Galaxy S4, Galaxy S5, Galaxy S6, and Galaxy S6 Edge, compatible with the T-Mobile cellular network and sold or otherwise distributed by or through Samsung and/or T-Mobile (the "'8923 T-Mobile Mobile Devices"). These devices are collectively referred to as the "'8923 Samsung Devices."

37.    Defendants directly infringe the apparatus claims of the '8923 patent by making, offering to sell, selling, and/or importing the '8923 Samsung Devices.  Defendants also directly infringe the '8923 patent by making, using, selling, offering for sale, and/or importing the '8923 Samsung Devices to practice the claimed methods.  Defendants are thereby liable for direct infringement.

38.    Additionally, Defendants are liable for indirect infringement of the '8923 patent because they induce and/or contribute to the direct infringement of the patent by their customers (including, but not limited to, cellular network providers and/or their subscribers) and other end users who use the '8923 Samsung Devices to practice the claimed inventions.

39.    Defendant Samsung has had knowledge of the '8923 patent since at least service of CCE's complaint in this action.  Defendants AT&T, Sprint, T-Mobile, and Verizon have had knowledge of the '8923 patent since at least service of CCE's complaint in C.A. 6:13-cv-507.

40.    Despite having knowledge of the '8923 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use the '8923 Samsung Devices, including Defendants' customers, to use such devices in a manner that infringes the '8923 patent, including at least claims 1, 4, 24, 26 and 32.  This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the '8923 Samsung Devices.

41.    In particular, despite having knowledge of the '8923 patent, Defendants have provided, and continue to provide, instructional materials, such as user guides, owner manuals, and similar online resources (available via http://www.samsung.com/us/support, for instance) that specifically teach the customers and other end users to use the '8923 Samsung Devices in an infringing manner.  By providing such instructions, Defendants know (and have known), or

should know (and should have known), that their actions have, and continue to, actively induce infringement.

42. Additionally, Defendants named in this Count know, and have known, that the '8923 Samsung Devices include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '8923 patent and are not staple articles of commerce suitable for substantial non-infringing use.

43. Specifically, each of the '8923 Samsung Devices contain at least an applications processor which contains functionality that is specifically programmed and/or configured to send messages from an application program towards a communication network, divert a message of the messages to a controlling entity, and, based on the message, control whether the application program behaves in a predetermined manner, before the message is transmitted to the communication network, as claimed in claims 1, 4, 24, 26 and 32 of the '8923 patent.

44. On information and belief, Samsung and AT&T design, develop, test, make, use, offer for sale, sell, and/or import '8923 AT&T Mobile Devices described in this Count, pursuant to or in connection with one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Samsung and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

45. On information and belief, Samsung and Verizon design, develop, test, make, use, offer for sale, sell, and/or import '8923 Verizon Mobile Devices described in this Count, pursuant to or in connection with one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Samsung and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

46.     On information and belief, Samsung and Sprint design, develop, test, make, use, offer for sale, sell, and/or import '8923 Sprint Mobile Devices described in this Count, pursuant to or in connection with one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Samsung and Sprint are jointly, severally, or alternatively liable for infringements described in this Count.

47.     On information and belief, Samsung and T-Mobile design, develop, test, make, use, offer for sale, sell, and/or import '8923 T-Mobile Mobile Devices described in this Count, pursuant to or in connection with one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Samsung, HTC and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

48.     CCE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to CCE in an amount that adequately compensates CCE for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT III

### (INFRINGEMENT OF U.S. PATENT NO. 7,941,174)

49.     CCE incorporates paragraphs 1 through 15 herein by reference.

50.     CCE is the assignee of the '174 patent, entitled "Method for Multicode Transmission by a Subscriber Station," with ownership of all substantial rights in the '174 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  A true and correct copy of the '174 patent is attached as Exhibit C.

51.     The '174 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

52.    Defendants Samsung, AT&T, and T-Mobile have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '174 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 6, 9, 14, 18, and 19, without the consent or authorization of CCE, by or through their making, having made, offering for sale, selling, importing, and/or use of Samsung mobile devices, including, for example: the Galaxy Express, Galaxy Mega, Galaxy Mega 2, Galaxy Note 2, Galaxy Note 3, Galaxy Note 4, Galaxy Note Edge, Galaxy Rugby Pro, Galaxy S3, Galaxy S3 Mini, Galaxy S4, Galaxy S4 Active, Galaxy S4 Zoom, Galaxy S4 Mini, Galaxy S5, Galaxy S5 Active, Galaxy S5 Mini, Galaxy S6, Galaxy S6 Edge, and Galaxy S6 Active, compatible with the AT&T cellular network and sold or otherwise distributed by or through Samsung and/or AT&T (the "'174 AT&T Mobile Devices"); and the Galaxy Light, Galaxy Avant, Galaxy Note 2, Galaxy Note 3, Galaxy Note 4, Galaxy Note Edge, Galaxy S3, Galaxy S4, Galaxy S5, Galaxy S6, and Galaxy S6 Edge, compatible with the T-Mobile cellular network and sold or otherwise distributed by or through Samsung and/or T-Mobile (the "'174 T-Mobile Mobile Devices").   These devices are collectively referred to as the "'174 Samsung Devices."

53.    Defendants named in this Count directly infringe the apparatus claims of the '174 patent by making, offering to sell, selling, and/or importing the '174 Samsung Devices.  They also directly infringe the '174 patent by making, using, selling, offering for sale, and/or importing the '174 Samsung Devices to practice the claimed methods.  The specified Defendants are thereby liable for direct infringement.

54.    Additionally, Defendants named in this Count are liable for indirect infringement of the '174 patent because they induce and/or contribute to the direct infringement of the patent by their customers (including, but not limited to, cellular network providers and/or their

subscribers) and other end users who use the '174 Samsung Devices to practice the claimed inventions.

55.     Each Defendant named in this Count is a 3rd Generation Partnership Project (or "3GPP") member organization, or is affiliated with a 3GPP member organization.  3GPP solicits identification of standard essential patents, and, through 3GPP, Defendants received actual notice of the standard essential patents at issue here.  The '174 patent is one such patent, and Defendants have known of the '174 patent at least as early as August 2010, when it was disclosed to 3GPP via the European Telecommunications Standards Institute ("ETSI," an organizational member of 3GPP).

56.     Despite having knowledge of the '174 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including Defendants' customers, to use such devices in a manner that infringes the '174 patent, including at least claims 1, 6, 9, 14, 18, and 19.  This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the '174 Samsung Devices.

57.     In particular, despite having knowledge of the '174 patent, Defendants have provided, and continue to provide, instructional materials, such as user guides, owner manuals, and similar online resources (available via http://www.samsung.com/us/support/, for instance) that specifically teach the customers and other end users to use the '174 Samsung Devices in an infringing manner.  By providing such instructions, Defendants know (and have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

58.     Additionally, Defendants named in this Count know, and have known, that the '174 Samsung Devices include proprietary hardware components and software instructions that work in concert to perform specific, intended functions.  Such specific, intended functions,

14

carried out by these hardware and software combinations, are a material part of the inventions of the '174 patent and are not staple articles of commerce suitable for substantial non-infringing use.

59.     Specifically, each of the '174 Samsung Devices contain at least a baseband processor which contains functionality that is specifically programmed and/or configured to maintain a transmit power difference as claimed in claims 1, 6, 9, 14, 18, and 19 of the '174 patent.

60.     On information and belief, despite having knowledge of the '174 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '174 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '174 patent have been, and continue to be, willful, wanton, and deliberate in disregard of CCE's rights.

61.     On information and belief, Samsung and AT&T design, develop, test, make, use, offer for sale, sell, and/or import the '174 AT&T Mobile Devices described in this Count, pursuant to or in connection with one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Samsung and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

62.     On information and belief, Samsung and T-Mobile design, develop, test, make, use, offer for sale, sell, and/or import the '174 T-Mobile Mobile Devices described in this Count, pursuant to or in connection with one or more contractual agreements between them relating to, at least, the distribution and sale of such devices.  Accordingly, Samsung and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

63.    CCE has been damaged as a result of Defendants' infringing conduct described in this Count.  Defendants are, thus, liable to CCE in an amount that adequately compensates CCE for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 8,645,786)

64.    CCE incorporates paragraphs 1 through 15 herein by reference.

65.    CCE is the assignee of the '786 patent, entitled "Decoding Method," with ownership of all substantial rights in the '786 patent, including the right to exclude others and to enforce, sue, and recover damages for past and future infringements.  A true and correct copy of the '786 patent is attached as Exhibit D.

66.    The '786 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

67.    Defendants Samsung, AT&T, and T-Mobile have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '786 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 2, 3, 4, 5, 8, 12 and 13, without the consent or authorization of CCE, by or through their making, having made, offering for sale, selling, importing, and/or use of Samsung mobile devices, including, for example: the Galaxy Express, Galaxy Mega, Galaxy Mega 2, Galaxy Note 2, Galaxy Note 3, Galaxy Note 4, Galaxy Note Edge, Galaxy Rugby Pro, Galaxy S3, Galaxy S3 Mini, Galaxy S4, Galaxy S4 Active, Galaxy S4 Zoom, Galaxy S4 Mini, Galaxy S5, Galaxy S5 Active, Galaxy S5 Mini, Galaxy S6, Galaxy S6 Edge, and Galaxy S6 Active, compatible with the AT&T cellular network and sold or otherwise distributed by or through Samsung and/or AT&T (the "'786 AT&T Mobile Devices"); and the Galaxy Light,

Galaxy Avant, Galaxy Note 2, Galaxy Note 3, Galaxy Note 4, Galaxy Note Edge, Galaxy S3, Galaxy S4, Galaxy S5, Galaxy S6, and Galaxy S6 Edge, compatible with the T-Mobile cellular network and sold or otherwise distributed by or through Samsung and/or T-Mobile (the "'786 T-Mobile Mobile Devices").   These devices are collectively referred to as the "'786 Samsung Devices."

68.     Defendants named in this Count directly infringe the apparatus claim of the '786 patent by making, offering to sell, selling, and/or importing the '786 Samsung Devices.  They also directly infringe the '786 patent by making, using, selling, offering for sale, and/or importing the '786 Samsung Devices to practice the claimed methods.  The specified Defendants are thereby liable for direct infringement.

69.     Additionally, Defendants named in this Count are liable for indirect infringement of the '786 patent because they induce and/or contribute to the direct infringement of the patent by their customers (including, but not limited to, cellular network providers and/or their subscribers)  and other end users who use the '786 Samsung Devices to practice the claimed inventions.

70.     Each Defendant named in this Count is a 3rd Generation Partnership Project (or "3GPP") member organization, or is affiliated with a 3GPP member organization.  3GPP solicits identification of standard essential patents, and, through 3GPP, Defendants received actual notice of the standard essential patents at issue here.  The '786 patent is one such patent, and Defendants have known of the '786 patent at least as early as August 2010, when it was disclosed to 3GPP via the European Telecommunications Standards Institute ("ETSI," an organizational member of 3GPP).

71.     Despite having knowledge of the '786 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including

Defendants' customers, to use such devices in a manner that infringes the '786 patent, including at least claims 1, 2, 3, 4, 5, 8, 12 and 13. This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the '786 Samsung Devices.

72.    In particular, despite having knowledge of the '786 patent, Defendants have provided, and continue to provide, instructional materials, such as user guides, owner manuals, and similar online resources (available via http://www.samsung.com/us/support/, for instance) that specifically teach the customers and other end users to use the '786 Samsung Devices in an infringing manner. By providing such instructions, Defendants know (and have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

73.    Additionally, Defendants named in this Count know, and have known, that the '786 Samsung Devices include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '786 patent and are not staple articles of commerce suitable for substantial non-infringing use.

74.    Specifically, each of the '786 Samsung Devices contain at least a baseband processor and associated transceiver which contain functionality that is specifically programmed and/or configured to at least transmit an information content contained in at least one data packet transmitted from a sender to a receiver via a data link, wherein the information is represented by a bit sequence that is enclosed into a transmittable redundancy version, as recited in claims 1, 2, 3, 4, 5, 8, 12 and 13 of the '786 patent.

75.    On information and belief, despite having knowledge of the '786 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '786

18

patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '786 patent have been, and continue to be, willful, wanton, and deliberate in disregard of CCE's rights.

76. On information and belief, Samsung and AT&T design, develop, test, make, use, offer for sale, sell, and/or import the '786 AT&T Mobile Devices described in this Count, pursuant to or in connection with one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Samsung and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

77. On information and belief, Samsung and T-Mobile design, develop, test, make, use, offer for sale, sell, and/or import the '786 T-Mobile Mobile Devices described in this Count, pursuant to or in connection with one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Samsung and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

78. CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates CCE for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V

### (INFRINGEMENT OF U.S. PATENT NO. 8,254,872)

79. CCE incorporates paragraphs 1 through 15 herein by reference.

80. CCE is the assignee of the '872 patent, entitled "Simplified Method for IMS Registration in the Event of Emergency Calls," with ownership of all substantial rights in the '872 patent, including the right to exclude others and to enforce, sue, and recover damages for

past and future infringements.  A true and correct copy of the '872 patent is attached as Exhibit E.

81.     The '872 patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code.

82.     Defendants Samsung, AT&T, T-Mobile, and Verizon have and continue to directly and/or indirectly infringe (by inducing infringement and/or contributing to infringement) one or more claims of the '872 patent in this judicial district and elsewhere in Texas and the United States, including at least claims 1, 2, 3, 4, 5, 6, 12, 13, 14, 16, 17 and 18, without the consent or authorization of CCE, by or through their making, having made, offering for sale, selling, importing, and/or use of Samsung mobile devices, including, for example: the Galaxy S4 Mini, Galaxy Note 4, Galaxy Note Edge, Galaxy S5, Galaxy S5 Active, Galaxy S6, Galaxy S6 Edge, and Galaxy S6 Active, compatible with the AT&T cellular network and sold or otherwise distributed by or through Samsung and/or AT&T (the "'872 AT&T Mobile Devices"); the Galaxy Light, Galaxy Note 3, Galaxy Note 4, Galaxy Note Edge, Galaxy S5, Galaxy S6, and Galaxy S6 Edge, compatible with the T-Mobile cellular network and sold or otherwise distributed by or through Samsung and/or T-Mobile (the "'872 T-Mobile Mobile Devices"); and the Galaxy Prevail / Core Prime, Galaxy Note 4, Galaxy Note Edge, Galaxy S5, Galaxy S6, and Galaxy S6 Edge, compatible with the Verizon cellular network and sold or otherwise distributed by or through Samsung and/Verizon (the "'872 Verizon Mobile Devices").  These devices are collectively referred to as the "'872 Samsung Devices."

83.     Defendants named in this Count directly infringe the apparatus claims of the '872 patent by making, offering to sell, selling, and/or importing the '872 Samsung Devices.  They also directly infringe the '872 patent by making, using, selling, offering for sale, and/or

importing the '872 Samsung Devices to practice the claimed methods.  The specified Defendants are thereby liable for direct infringement.

84.     Additionally, Defendants named in this Count are liable for indirect infringement of the '872 patent because they induce and/or contribute to the direct infringement of the patent by their customers (including, but not limited to, cellular network providers and/or their subscribers) and other end users who use the '872 Samsung Devices to practice the claimed inventions.

85.     Each Defendant named in this Count is a 3rd Generation Partnership Project (or "3GPP") member organization, or is affiliated with a 3GPP member organization.  3GPP solicits identification of standard essential patents, and, through 3GPP, Defendants received actual notice of the standard essential patents at issue here.  The '872 patent is one such patent, and Defendants have known of the '872 patent at least as early as September 2009, when it was disclosed to 3GPP via the European Telecommunications Standards Institute ("ETSI," an organizational member of 3GPP).

86.     Despite having knowledge of the '872 patent, Defendants named in this Count have and continue to specifically intend for persons who acquire and use such devices, including Defendants' customers, to use such devices in a manner that infringes the '872 patent, including at least claims 1, 2, 3, 4, 5, 6, 12, 13, 14, 16, 17 and 18.  This is evident when Defendants encourage and instruct customers and other end users in the use and operation of the '872 Samsung Devices.

87.     In particular, despite having knowledge of the '872 patent, Defendants have provided, and continue to provide, instructional materials, such as user guides, owner manuals, and similar online resources (available via http://www.samsung.com/us/support/, for instance) that specifically teach the customers and other end users to use the '872 Samsung Devices in an

infringing manner. By providing such instructions, Defendants know (and have known), or should know (and should have known), that their actions have, and continue to, actively induce infringement.

88. Additionally, Defendants named in this Count know, and have known, that the '872 Samsung Devices include proprietary hardware components and software instructions that work in concert to perform specific, intended functions. Such specific, intended functions, carried out by these hardware and software combinations, are a material part of the inventions of the '872 patent and are not staple articles of commerce suitable for substantial non-infringing use.

89. Specifically, each of the '872 Samsung Devices contain at least a baseband processor and associated transceiver which contain functionality that is specifically programmed and/or configured to at least receive a network identifier of a visited network, compare the received network identifier of the visited network with a network identifier of a home network of the terminal, and set up an emergency call connection, as recited in claims 1, 2, 3, 4, 5, 6, 12, 13, 14, 16, 17 and 18 of the '872 patent.

90. On information and belief, despite having knowledge of the '872 patent and knowledge that they are directly and/or indirectly infringing one or more claims of the '872 patent, Defendants named in this Count have nevertheless continued their infringing conduct and disregarded an objectively high likelihood of infringement; thus, Defendants' infringing activities relative to the '872 patent have been, and continue to be, willful, wanton, and deliberate in disregard of CCE's rights.

91. On information and belief, Samsung and AT&T design, develop, test, make, use, offer for sale, sell, and/or import the '872 AT&T Mobile Devices described in this Count, pursuant to or in connection with one or more contractual agreements between them relating to,

at least, the distribution and sale of such devices. Accordingly, Samsung and AT&T are jointly, severally, or alternatively liable for infringements described in this Count.

92. On information and belief, Samsung and T-Mobile design, develop, test, make, use, offer for sale, sell, and/or import the '872 T-Mobile Mobile Devices described in this Count, pursuant to or in connection with one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Samsung and T-Mobile are jointly, severally, or alternatively liable for infringements described in this Count.

93. On information and belief, Samsung and Verizon design, develop, test, make, use, offer for sale, sell, and/or import the '872 Verizon Mobile Devices described in this Count, pursuant to or in connection with one or more contractual agreements between them relating to, at least, the distribution and sale of such devices. Accordingly, Samsung and Verizon are jointly, severally, or alternatively liable for infringements described in this Count.

94. CCE has been damaged as a result of Defendants' infringing conduct described in this Count. Defendants are, thus, liable to CCE in an amount that adequately compensates CCE for their infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

### JOINDER OF PARTIES

95. CCE incorporates paragraphs 1 through 94 herein by reference.

96. On information and belief, AT&T, Verizon, Sprint, and T-Mobile have each purchased or otherwise acquired from Samsung certain mobile devices for sale, resale, and/or distribution to their customers (and other end users) that are the subject of Counts I through V (or some subset thereof). Thus, for these Counts, the right to relief against AT&T, Verizon, Sprint, and/or T-Mobile is asserted jointly and severally with Samsung.

97.    The alleged infringements set forth in Counts I through V arise out of the same transaction, occurrence, or series of transactions or occurrences relating to the design, development, testing, making, using, offering for sale, selling, and/or importing of the Samsung mobile devices made the subject of Counts I through V.

98.    Questions of fact common to all Defendants will arise in this action including, for example, infringement by, or through use of, Samsung mobile devices.

99.    Thus, joinder of Samsung, AT&T, Verizon, Sprint, and T-Mobile is proper in this litigation pursuant to 35 U.S.C. § 299(a).

## JURY DEMAND

CCE hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

CCE requests that the Court find in its favor and against Defendants, and that the Court grant CCE the following relief:

   a.    Judgment that one or more claims of the '820, '8923, '174, '786, and '872 patents have been infringed, either literally and/or under the doctrine of equivalents, by Defendants and/or by others whose infringements have been induced by Defendants and/or by others to whose infringements Defendants have contributed;

   b.    Judgment that Defendants account for and pay to CCE all damages to and costs incurred by CCE because of Defendants' infringing activities and other conduct complained of herein;

   c.    Judgment that Defendants account for and pay to CCE a reasonable, ongoing, post-judgment royalty because of Defendants' infringing activities and other conduct complained of herein;

   d.    That Defendants' infringements relative to the '820, '174, '786, and '872 patents be found willful from the time that Defendants became aware of the infringing nature of their products, and that the Court award treble damages for the period of such willful infringement pursuant to 35 U.S.C. § 284;

e.    That CCE be granted pre-judgment and post-judgment interest on the damages caused by Defendants' infringing activities and other conduct complained of herein; and

f.    That CCE be granted such other and further relief as the Court may deem just and proper under the circumstances.

**Dated: June 26, 2015**           Respectfully submitted,

*/s/ Edward R. Nelson, III*
Edward R. Nelson, III
ed@nelbum.com
Texas State Bar No. 00797142
S. Brannon Latimer
brannon@nelbum.com
Texas State Bar No. 24060137
Thomas C. Cecil
tom@nelbum.com
Texas State Bar No. 24069489
NELSON BUMGARDNER, PC
3131 West 7th Street, Suite 300
Fort Worth, Texas 76107
Phone:  (817) 377-9111
Fax:  (817) 377-3485

T. John Ward, Jr.
Texas State Bar No. 00794818
J. Wesley Hill
Texas State Bar No. 24032294
Claire Abernathy Henry
Texas State Bar No. 24053063
WARD & SMITH LAW FIRM
P.O. Box 1231
1127 Judson Rd. Ste. 220
Longview, Texas  75606-1231
(903) 757-6400
(903) 757-2323 (fax)
jw@jwfirm.com
wh@wsfirm.com
ch@wsfirm.com

**ATTORNEYS FOR PLAINTIFF**
**CELLULAR COMMUNICATIONS**
**EQUIPMENT LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) this 26th day of June, 2015.

*/s/ Edward R. Nelson III*